[S. F. No. 7452. In Bank.—May 25, 1916.]

KARL EHRHART and NEW ENGLAND CASUALTY COMPANY, Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT—DIFFERENT INJURIES RESULTING FROM SAME ACCIDENT—HEARING AND AWARD BASED ON ONE INJURY— JURISDICTION OF COMMISSION TO MAKE AWARD FOR OTHER INJURY— STATUTE OF LIMITATIONS.—Where two distinct injuries were suffered by an employee from the same accident, and in his application for compensation and on the hearing thereof before the Industrial Accident Commission one of such injuries was not mentioned or investigated, and the award was based solely on the disability resulting from the other, the commission is without jurisdiction, after the expiration of the six months' period of limitation prescribed by section 16 of the Workmen's Compensation Act, to make a further award based upon the disability resulting from the injury that was not originally considered.

ID.—APPLICATION TO COMMISSION FOR COMPENSATION—PERIODS OF LIMITATION—PAYMENT OF DISABILITY INDEMNITY.—Section 16 of the

Workmen's Compensation Act establishes the general limitation of six months from the time of the accident as the period within which anyone seeking indemnity for injuries arising from an accident must present his claims to the Industrial Accident Commission, while subsection (c) thereof extends the period of limitation, in cases where there has been payment of disability indemnity, or agreement therefor, to six months from the date of the agreement or last payment of such indemnity. That subsection does not have the effect to open the statute of limitations and to extend it beyond the period of six months for the purpose of enabling a claimant to present an entirely new case based upon the alleged results of an injury which had never before been called to the attention of the commission.

ID.—PROMPT INVESTIGATION REGARDING INJURIES.—One of the purposes of the time limit imposed by the various subdivisions of section 16 is to cause a prompt inquiry regarding the injuries in all their details by the commission.

ID. — CONTINUING JURISDICTION OF COMMISSION OVER ORDERS — SECOND AWARD FOR DIFFERENT INJURY A NEW JUDGMENT.—Section 25 (d) of that act, giving to the commission continuing jurisdiction over its orders, decisions, and awards, and permitting, after notice and hearing, any order, decision, or award to be rescinded, altered, or amended, does not authorize the commission to render a second award based upon proof of the injury that was not investigated nor mentioned at the first hearing. Such award is an entirely new judgment, and not a rescission, alteration, or amendment of the first.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Samuel Knight, F. E. Boland, and James J. McKenna. for Petitioners.

Christopher M. Bradley, for Respondent.

MELVIN, J.—*Certiorari* to review the proceedings of the Industrial Accident Commission upon the application of Joe Salvatore.

On March 24, 1914, Salvatore, who was employed by one Karl Ehrhart, was injured by the fall of a heavy timber. A bone of one of his legs was fractured and he also received

a blow on the chest. No immediate disability resulted from the latter circumstance, and in considering the amount of compensation to be awarded the commissioners regarded only the injury to the leg.

Salvatore was in a hospital for eight or nine days immediately following the accident. He was then removed to his home in an open vehicle. Eleven days later pneumonia developed. For some time compensation was paid to him without application to the Industrial Accident Commission, but a disagreement having arisen, Salvatore filed such an application. This was on June 18, 1914, and on July 29, 1914, findings and award were entered by the Industrial Accident Commission. It is not denied but, on the contrary, is admitted by counsel representing the Industrial Accident Commission that in Salvatore's application and at the hearings thereon no special mention was made of the injury to the applicant's chest or of the pneumonia which he had suffered, the award having been made solely for a disability which resulted from an injury to the employee's leg.

Compensation was paid to Salvatore to and including August 12, 1914, when he returned to work.

On February 10, 1915, more than ten months after the accident, Joe Salvatore wrote a letter to the Industrial Accident Commission. In this communication were statements to the effect that he had secured new witnesses who had not testified at the previous hearings; that since the time of settlement he had developed pains which had led to hemorrhages attributed by his doctors to the accident, and that the first severe hemorrhage had occurred November 10, 1914. As a result of this letter the Industrial Accident Commission held a hearing, after notice to the parties interested, and on April 7, 1915, awarded compensation to Joe Salvatore for disability resulting from a diseased lung.

The petitioners here, who are the employer of Salvatore and the insurance company that paid the compensation under the original award, contend that the Industrial Accident Commission acted in excess of its powers in granting a new hearing on the basis of the letter of February 8, 1915, because it was not filed within six months of the happening of the accident; that the commission acted in excess of its powers in deciding that the later disability arose out of the employment; and that said commission exceeded its powers in decid-

ing that there was an unbroken chain of causation between the original injury and the disability following the diseased condition of Salvatore's lung.

Section 16 of the Workmen's Compensation, Insurance and Safety Act fixes a general limitation of six months from the time of the accident within which period application for compensation must be made by the person injured, but section 16 (c) provides that payment of the indemnity or any part thereof or agreement therefor shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the agreement or last payment of such indemnity. It is the contention of the petitioners for the writ that Salvatore sought to collect an indemnity more than six months after the date of the alleged accident and injury to his chest, and that the collection of the entire indemnity for the disability arising from the injury to his leg did not extend the period of limitation within which the application to the Industrial Accident Commission must be made.

The application filed on June 18, 1914, asked compensation for an injury to the leg of the applicant. There was no mention therein or in the award of July 29, 1914, of any injury other than or different from the one mentioned in the application, and it fully appears from the record that there was at the original hearing no evidence nor suggestion of any injury to any part of Salvatore's anatomical structure except his leg, although at that time he had suffered from the pneumonia which, according to the theory invoked for the support of the later award, was of the same traumatic origin as that specified as the basic cause of his present condition.

Counsel for the Industrial Accident Commission does not seek to support the second hearing and award by section 81 of the statute, under which that body acts, said section operating, he believes, only when someone aggrieved has applied for a rehearing, and he asserts that section 82 has no application to this case, except that subsection (b) thereof emphasizes the continuing jurisdiction of the Industrial Accident Commission over its awards vested by section 25 (d). We are in entire accord with learned counsel in these views, and agree with him that the power of the commission to make the second award (if any such authority existed) must be

justified and upheld, if at all, under said section 25 (d), which is as follows:

"The commission shall have continuing jurisdiction over all its orders, decisions and awards made and entered under the provisions of sections twelve to thirty-five, inclusive, of this act and may at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter or amend any such order, decision or award made by it upon good cause appearing therefor; *provided,* that no award of compensation shall be rescinded, altered or amended after two hundred forty-five weeks from the date of the accident. Any order, decision or award rescinding, altering or amending a prior order, decision or award shall have the same effect as is herein provided for original orders, decisions or awards." (Stats. 1913, p. 293.)

Before discussing the section last quoted it is proper that we consider the purpose of section 16 (c), providing that payment of the disability indemnity extends the time of its collection. The other parts of the sixteenth section indicate the policy of the legislature that anyone seeking indemnity for injuries arising from an accident must present his claims to the Industrial Accident Commission within six months of the accident. But the legislature wisely provided against the injustice which might be done if, by voluntary payments, the employer should induce an injured servant to forego his right to seek redress at the hands of the Industrial Accident Commission until the passage of the period of limitation and then refuse further compensation. Subsection (c) was passed to guard against the possibility of such sharp practice. It was not, we believe, the intention of the lawmakers to open the statute of limitations and to extend it beyond the period of six months for the purpose of enabling a claimant to present an entirely new case based upon the alleged results of an injury which had never before been called to the attention of the commissioners. To hold otherwise would be to make the statute an instrument for the encouragement of false claims or those based upon remote and unsatisfactory speculation and peradventure regarding the cause of a disability manifesting itself long after the happening of the accident. One of the purposes of the time limit imposed by the various subdivisions of section 16 was to cause an early submission to the commissioners of the injuries to the em-

ployee, so that the commissioners by their own observation and with the aid of expert testimony might determine not only the condition of the applicant at that time, but the probable future results of the accident. This policy is manifest from the fact that where no disability has occurred at the time of the hearing, but is likely to do so in the future, the commission may retain jurisdiction. (Section 25 (c).) In other words, prompt inquiry regarding the *injuries* in all their details by the commission was evidently intended by the lawmakers.

Section 25 (d) gives to the commission continuing jurisdiction over its orders, decisions, and awards, and it permits that after notice and hearing any order, decision, or award may be rescinded, altered, or amended. But the second award was not a rescission, alteration, nor amendment of the original order. It was an entirely new judgment, based upon proof of an injury that was not investigated nor mentioned at the first hearing. Let us suppose, by way of illustration, that after Salvatore's leg had healed and he had returned to work he should have suffered with necrosis of the bone in the vicinity of the fracture. It would have been perfectly proper for the Industrial Accident Commission to have investigated the second disability and to have determined the facts from the record made at the original hearing and the evidence adduced at the later inquiry, and, if justified by those facts, to have ordered a resumption of payment of an indemnity. In that case there would have been in the possession of the commission a record of facts adduced before the memory of the accident had become dim and before intervening causes might have operated possibly to produce disability. The new order would, in such a case, be a modification or amendment of the prior award. But the order made in this proceeding upon the second hearing was just as foreign to the original one as if the commissioners had been dealing with a different individual. One of the objects of an early investigation of the circumstances of an accident and its results to the person injured is to give the responsible employer a chance to alleviate the condition of his servant, to the end that the latter may the sooner be restored to full capacity for labor and the former relieved of the duty of paying indemnity. If the injured person conceals some of the injuries from the commission and even from his attending

physician, the employer is deprived of the chance of offering to him appropriate medical or surgical attention. Another object of a prompt investigation of the results of an accident is to put the commission and the indemnitor in a position to discover any attempt either unduly to extend the period of payment or to fix upon the employer the burden of paying for the results of a later casualty. Thus it will be readily apparent that if an applicant to the Industrial Accident Commission may reveal the extent and location of his injuries partly at one hearing and partly at another, many months later, the employer will be placed at a very grave disadvantage.

Suppose that two men are injured by the same instrumentality at the same time. One suffers a broken leg, the other a blow upon the side. Within six months the man whose bone was broken applies to and receives compensation under an award by the Industrial Accident Commission. The other suffers disability after the lapse of six months. Under the statute his claim is barred, and for the reason that the legislature has established the limit of time to compel an early submission to the Industrial Accident Commission of all injuries. Where both hurts are inflicted upon the same person, the principle is no different if the patient sees fit to withhold from the commissioners and the indemnitor all information regarding some of his injuries.

From the foregoing discussion it follows that the Industrial Accident Commission was without jurisdiction to make the second award. This conclusion relieves us of all necessity for examining critically the contention which the petitioners so earnestly make, that no causal connection was proven between the accident and the diseased condition of the applicant which was shown to exist at the time of the second hearing.

The award under review is annulled.

Henshaw, J., Shaw, J., Sloss, J., and Angellotti, C. J., concurred.

LAWLOR, J., Dissenting.—I dissent. I do not think that the Industrial Accident Commission was without jurisdiction to make a supplemental award. It would be more in keeping with the purposes and tenor of the act to

hold that once the commission is vested with jurisdiction to deal with disability resulting from an accident, it retains jurisdiction until the disability ceases, or the period of 245 weeks from the date of the accident has expired, irrespective of whether the disability is continuous or recurrent, or results from one or more injuries caused by the same accident, or whether, in the case of more than one injury, the disability manifests itself at the same or at different times. Compensation is not given for an injury caused by accident, but for the disability resulting therefrom. · (See section 15.) In this behalf it will be observed that the commission did not specifically mention the injury to the leg in its findings, but found that the applicant "was injured by accident," and "that by reason of said accident and injury, applicant sustained a temporary total disability." The award was made "as a temporary total disability indemnity because of an injury sustained by accident." And in making the supplemental award compensation was allowed, not for any specific injury, as, for instance, the blow on the chest, but "as a further indemnity by reason of a temporary total disability, . . . caused by the accident and injury forming the basis of this proceeding." The legislature, as the respondents point out, has not defined disabilities resulting from accidental means. The act merely classifies disabilities arising from accident as temporary, permanent, partial, or total. (Section 15 (b).) It is clearly intended by the act to provide compensation for all disability which extends beyond the first two weeks following the accident. (Id.)

In this case the injured employee did institute proceedings within six months from the date of the accident. In my opinion the jurisdiction thus vested continued in legal effect so as to cover any other disability resulting from the identical accident, for the injury to the leg and the blow on the chest were simultaneously caused by the fall of the timber.

It is not questioned but that if the injury to the chest, which ultimately caused disability, had been brought to the attention of the commission when the applicant appeared before it, or even after the first award had been made, but within six months from the date of the accident, or the last voluntary payment of compensation, he would have been entitled to a nominal disability indemnity therefor (section 25 (c)), and for that purpose to have the award, if already

made, amended.  But it is insisted that as compensation for
the disability resulting from the injury to the chest was not
so claimed, the commission is without jurisdiction to act in
the premises.  This is tantamount to holding that the full
effect of the accident must be known by the applicant, and
reported by him within the statutory period, and, if not,
compensation cannot be allowed.  It seems to me that this
conclusion rests upon a technical and narrow construction
which is opposed to the whole spirit of the act.  "Whenever
this act, or any part or section thereof, is interpreted by a
court, it shall be liberally construed by such court."  (Sec-
tion 86 (a).)  Section 77 (a) provides: "All hearings and
investigations before the commission or any member thereof,
or any referee appointed thereby, shall be governed by this
act and by the rules of practice and procedure adopted by
the commission, and in the conduct thereof neither the com-
mission nor any member thereof nor any referee appointed
thereby shall be bound by the technical rules of evidence.
No informality in any proceeding or in the manner of taking
testimony shall invalidate any order, decision, award, rule or
regulation made, approved or confirmed by the commission."
The act contains no express provision that each particular
injury must be described or made known within the said
period, but merely requires, in this connection, notice as to
the "nature of the injury" (section 20), and "the general
nature of any dispute or controversy concerning compensa-
tion, or concerning any right of liability arising out of, or
incident thereto."  (Section 22.)  As sections 25 (d) and
82 (b) do not specify the instances in which jurisdiction may
be continued, in my view it should be held that the continuing
jurisdiction applies to any case where jurisdiction is once
vested by reason of disability resulting from accident, and
that if there be a further disability, as contended here, com-
pensation for such further disability must be allowed even
though it be traced to an injury not expressly contemplated
by the original award.

Nor do I think there is any proper basis of comparison
between this applicant, and the injured employee in the given
illustration who fails to make any report of his accident to
the commission within the statutory period.  The former put
the law into motion following the accident, and seasonably
challenged full investigation into his injured condition, while

the latter fails to exercise his rights. The commission had authority to act in the one case.; it has no opportunity to act in the other.

As against the finding of the commission, this court can hardly hold that there was no causal connection between the injury to the chest and the tuberculosis. In the absence of fraud, or willful concealment, and neither is suggested by the circumstances of this case, it will be presumed that the blow on the chest did not lead the applicant to anticipate until after the period of six months had expired that it would result in disability.

Keeping the objects of the statute in mind, it does not seem just that the injured employee should be foreclosed because he failed to apply to the commission for additional relief within six months from the date of the accident, or last voluntary payment of disability indemnity. In its hearings the commission had ample opportunity to question the applicant fully as to the nature and extent of his injuries. This was not done, and no question was put to him either on behalf of the commission, the employer, or the insurer which would call for a disclosure of any other injury than the one to the foot. The act provides, also, that the applicant shall submit to an examination by physicians selected by the employer. (Section 21.) The applicant was so examined. He was also questioned by the physician for the commission. These examinations, however, were apparently confined to the condition of the injured foot, and no inquiry was made directly or indirectly of the applicant as to any other injury, although all parties had knowledge of the circumstances of the accident, and particularly that the applicant had been struck by a heavy timber which rendered him helpless. And it is not to be presumed that the applicant would not have answered truthfully questions concerning the blow on the chest if any had been put to him.

I think the construction placed upon the act by the majority opinion in the particulars discussed will tend to defeat the purpose and aims of the legislation. It is the plain import of the statute to dispense with the formalities and delays that attend upon ordinary litigation, to avoid or minimize the expense of employing counsel, and to confer upon the commission plenary power to efficiently and promptly deal with the claims of injured employees, who are not expected

to have an astute understanding of the provisions of the act, and who must depend upon the commission to guide them through the requirements thereof in securing all the disability indemnity to which they are rightfully entitled.