[S. F. No. 8122.  In Bank.—December 18, 1917.]

WESTERN INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT — DEATH FOLLOWING SURGICAL OPERATION TWO YEARS AFTER PREVIOUS OPERATION FOR INJURY—PROXIMATE CAUSE OF DEATH—EVIDENCE SUPPORTING FINDING AND AWARD. On *certiorari* to review an award of compensation by the Industrial Accident Commission to the widow of a deceased employee, whose death followed a second operation by the insurer's physicians, nearly two years after a first operation for hernia caused by an injury sustained in an accident in 1914, evidence examined and found sufficient to support a finding by the commission that a slight disability, consisting of sinus and hernia, was present continuously from the date of the first operation till the date of the second operation, and that the death was caused by the accident of 1914, although it was shown that the injured employee returned to work more than a month after the first operation, and there was then no visible sign of continuing trouble with the surgical wound, and he believed himself cured.

ID.—DEATH FOLLOWING CONTINUED DISABILITY—TIME FOR COMMENCING PROCEEDINGS.—Where the deceased, within the time limited by statute, began a proceeding for compensation for the injury which eventually caused his death, and in pursuance thereof a disability

indemnity was awarded and paid him, a proceeding for compensation for death was maintained, under the provisions of subdivision (2) of section 16 of the act, although death ensued more than one year from the date of the injury, provided it was commenced within one year from the date of the death, and within two hundred and forty weeks from the date of the injury.

ID.—CONSOLIDATION OF PROCEEDINGS FOR DISABILITY AND PROCEEDINGS FOR DEATH.—Where an award for disability caused by an injury is followed by death resulting from the same injury, a proceeding by . the widow for compensation for the death of the injured person is a separate proceeding, the continuing jurisdiction given to the commission over its orders by subdivision (d) of section 25 of the act is immaterial to the widow's application, and an order consolidating the two proceedings is without effect and wholly unnecessary.

ID.—EVIDENCE—PROCEEDINGS FOR DEATH—FINDINGS AND AWARD IN DISABILITY PROCEEDINGS.—The findings and award of the Industrial Accident Commission in a proceeding by an injured person for disability compensation have the effect of a judgment binding upon the insurers, in a matter pertinent to a subsequent inquiry regarding the cause of death, following the same injury, and such findings and award are therefore admissible in evidence in a proceeding by the widow of the injured person to obtain an award for death benefits.

APPLICATION for Writ of Certiorari against the Industrial Accident Commission of the State of California.

Eugene F. Conlin, for Petitioner.

Christopher M. Bradley, for Respondent.

MELVIN, J.—A writ of *certiorari* was issued to the end that this court might review the award of the Industrial Accident Commission to the widow of John Henne, deceased.

Henne had been employed by J. H. Hjul, and in March, 1914, while engaged with other workmen in lifting certain cabinets he suffered injuries for which he demanded and received treatment from the physicians of the insurance carrier. On May 6, 1914, he filed an application for compensation, and after the insurance carrier had answered and a hearing had been given by the commission upon the issues joined an award was made in his favor on June 6, 1914, for temporary total disability.

The Western Indemnity Company paid the weekly indemnity as provided by the award until June 29, 1914, when

upon the advice of its medical staff the corporation ceased further payments upon the theory that the injured man had recovered. The total amount paid to that date was $175.75. There was no formal order by the Industrial Accident Commission exempting the insurance carrier from further payment to Henne, but it is the contention of the petitioner here that the evidence shows without contradiction a complete recovery before the date of the last payment.

Henne engaged in various occupations during the ensuing two years and in March, 1916, two years after the accident, he applied to the Western Indemnity Company for further treatment. During initial disability an operation had been performed involving the excision of the umbilicus and certain surrounding tissues and when he made application for further treatment Henne was suffering from that which he asserted to be a recurrence of his former trouble. A second operation was found necessary and was performed by a surgeon employed by the Western Indemnity Company. After the operation peritonitis supervened and on April 10, 1916, the patient died.

In the following month Elizabeth Henne, the widow of John Henne, filed with the Industrial Accident Commission an application for a death benefit award, asserting that John Henne had died as a result of the injury received by him two years before. The Western Indemnity Company duly answered, denying the causal connection between the original injury and the man's death and pleading the alleged fact that full compensation had been paid in accordance with the award of the Industrial Accident Commission. A hearing was had and during its progress the commissioners made an order consolidating the widow's claim with that which had been filed by her husband in 1914. After the taking of testimony the Industrial Accident Commission made findings and an award in favor of Elizabeth Henne for $2,141.59 and thereafter denied a motion by the Western Indemnity Company for a rehearing.

It is the contention of the petitioner that respondents acted in excess of their jurisdiction and that the award is in violation of petitioner's rights under the provisions of section 13 of article I of the constitution of California.

The finding which is attacked by petitioner as being without support in the testimony is, in its substantial part, as follows:

"That on the seventh day of April, 1914, the said John Henne was operated upon by the medical staff of the defendant insurance carrier for the cure of the condition proximately caused by said injury. That the operative wounds received at said operation never wholly healed, and that by reason of a defective closing of said operative wounds, a post-operative sinus resulted in the region of the navel and a post-operative peritoneal hernia in the same region, both of which conditions were proximately caused by the said accident and operation and continued until remedied by the second operation hereinafter described. That while the applicant returned to, and continued at, work for the greater part of the time from the date of his discharge by the first operating physician until the date of said second operation, a slight disability, consisting of said sinus and hernia, was present continually from the date of the first operation until the date of the second operation. That on the third day of April, 1916, the said John Henne was operated upon by the medical staff of the defendant Western Indemnity Company for the relief of said hernia and sinus, and that on the tenth day of April, 1916, the said John Henne died, his death being caused by peritonitis proximately resulting from the said sinus or from the said second operation for the removal of the said sinus and hernia. That said death was proximately caused by the said accident of March 21, 1914, and was not caused or influenced by the intervention of any extraneous cause or other accident or injury." Petitioner insists with emphasis that the testimony wholly fails to substantiate that part of the finding to the effect that "*a slight disability, consisting of said sinus and hernia, was present continually from the date of the first operation until the date of the second operation.*" Without reviewing the testimony at length it is sufficient to say that there is ample support for the finding. Petitioner properly lays stress upon the fact that Henne returned to work, after the last payment of indemnity in June, 1914; that all outward evidence of injury had disappeared as shown by the testimony of the patient's wife and the surgeon; and that in April, 1915, he made application to the baker's union for medical examination and admission to standing as one en-

titled to sick benefits in the future. In said application he represented that he was in good health, but the medical examiner of the union found that there was a hernia and that a small amount of pus exuded from the site of the previous operation.

Undoubtedly, the fact that he returned to work, that there was no visible sign of continuing trouble with the surgical wound, and that he believed himself cured were strong circumstances for the commissioners to consider in determining whether or not the condition present at the time of the second operation was a proximate result of the original injury. But disappearance of external signs does not preclude the existence of a wound, and the fact that this strong man was able to work part of the time does not necessarily prove that he was free from trouble with such a wound.

Dr. Ophuls, who performed the autopsy, was questioned at length regarding the probable connection between the original injury and the fatal result. The following quotation from his testimony illustrates his views and supports the finding of the commission:

"Q. Taking a case of this man, where the operation had been performed in the first instance, and the concretion and the umbilicus entirely removed, where the wound had healed completely and the man had gone to work for a year, then he was examined by his physician and his physician reports on May 1st merely the presence of this umbilical hernia, and no evidence of any inflammation or discharge, and then a year after that, again, or two years from the first trouble, the inflammation develops in the same general region, peritonitis appears, sinus is found but not connected with the umbilicus, sinus that was removed, as I understand it—would you say that this last trouble from which he died was directly connected with the original trouble for which the first operation was had?

"A. I think very likely it was.

"Q. In your opinion, there was some infection dormant during that time?

"A. I think so.

"Q. Would it, in your opinion, become active in the two years, without some cause?

"A. Well, these infections that remain after operations of infected wounds, they often lie dormant for years, and then

they come to light again. You have heard of people, for instance, with gunshot wounds, like that—people who have been wounded in battle, carrying these things around, and then years after it begins to trouble them, the infection lying dormant all the time."

Dr. Sewell, who performed the second operation, testified in part as follows:

"Q. Do you connect the peritonitis with the sinus?

"A. Yes, can't connect it anywhere else. Some of the ramifications of the sinus were not seen.

"Q. Would the fact that he had peritonitis two years before in that region have anything to do with it?

"A. Have a great deal to do with it, from the fact that it caused a thickened peritoneum, and a peritoneum not so able to withstand infection, a great deal of the serous part of the membrane being taken up by the scar tissue. . . .

"Q. You found a hernia, a ventral hernia. Where was this hernia, with reference to the operative wound, to the principal previous operative wound?

"A. Right in the center of it."

It will thus be seen that from the location of the sinus found at the time of the second operation and from the other surrounding circumstances there was substantial support for the finding which petitioner attacks.

It is argued that the claim of Mrs. Henne was barred by the provisions of section 16 of the Workmen's Compensation Act. That section, so far as it is material to the present inquiry, is quoted by petitioner as follows:

"Unless compensation is paid or an agreement for its payment made within the time limited in this section for the institution of proceedings for its collection, the right to institute such proceedings shall be wholly barred. . . .

" (2) Proceedings for the collection of the death benefit provided by subsection (c) of said section 15 must be commenced within one year from the date of death, and in any event within two hundred forty weeks from the date of the injury, *and can only be maintained when it appears that death ensued within one year from the date of the injury,* or that the injury causing death also caused disability which continued to the date of the death and for which a disability indemnity was paid, or an agreement for its payment made, or proceedings for its collection commenced within the time

limited for the commencement of proceedings for the recovery of the disability indemnity." [Stats. 1915, p. 1085, sec. 5.]

The case comes within the last clause of subdivision 2, of section 16, above quoted; that is, the original injury to Henne, which eventually caused his death, also, in the meantime, caused a disability which continued to the date of his death, and for this disability he began proceedings for compensation within the time limited therefor by the act, and in pursuance thereof a disability indemnity was paid to him. In such a case, under the terms of the first part of subdivision 2, the proceeding can be maintained although death ensues more than one year from the date of the injury, provided it is commenced within one year from the date of the death, and within two hundred and forty weeks from the date of the injury. This proceeding by the widow was begun within a short time after the death, and within less than two hundred and forty weeks from the date of the injury. Therefore, by the terms of said subdivision, it is not barred by the provisions of the section. The ability of the workman to perform the labor for which he is employed is not the sole measure of disability *(Frankfort General Ins. Co.* v. *Pillsbury,* 173 Cal. 56, [159 Pac. 150]), and, therefore, the fact that Henne went back to work does not necessarily contradict the finding of continuing disability.

But petitioner insists that since there were two separate proceedings, one instituted by Henne and the other by his widow, the court erred in consolidating them and in treating the later as a part of the earlier one.

It is true that the two proceedings—the one by the employee for the injury and the other by the widow for his death,— are separate ones, although the latter is supplementary to the former and allied to it by reason of the fact that the two compensable conditions, the injury and the death, arose out of the same casualty. The continuing jurisdiction given by section 25 (d) is immaterial to the widow's application, and the order consolidating the two proceedings was a mere act of caution and without significance or effect, being wholly unnecessary.

The introduction in evidence of the findings and award made by the commission upon the original proceedings was not erroneous. These findings and award had the effect of

a judgment binding upon the Western Indemnity Company in a matter pertinent to the inquiry regarding the cause of Henne's death. The fact that his widow and not Henne himself was the petitioner does not affect the admissibility of this evidence. But petitioner here insists that the testimony of the injured man given at the hearing on his own application was improperly admitted, and that subdivision 8 of section 1870 of the Code of Civil Procedure is not any warrant for the reception of such evidence because the parties to the two proceedings differed. It is not necessary to consider this contention because Henne's testimony furnished merely the evidentiary basis for the findings of the commission in the original matter wherein Henne was himself the petitioner, and such findings and the award, as we have seen, were properly admitted. Therefore, it makes no difference whether or not the testimony itself was properly admissible. Its reception, in any view of the case, was harmless.

Petitioner quotes and seeks to apply to the proceeding before the commission the following language from *Ehrhart* v. *Industrial Accident Commission,* 172 Cal. 621–626, [Ann. Cas. 1917E, 465, 158 Pac. 193, 194]: "But the order made in this proceeding upon the second hearing was just as foreign to the original one as *if the Commissioners had been dealing with a different individual.*"

The quoted passage may not be justly so applied. We were there discussing two proceedings of which the later one referred to an alleged injury having no possible connection with the other casualty which was the *only one* investigated by the Industrial Accident Commission at the original hearing. We held that the statute of limitations barred the second application, which related to something having no possible causal connection with the accident originally reported to and investigated by the commission. It is undenied that the site of the inflammation which caused Henne's disability was about the same as the location of the trouble which produced his death. Therefore, there is no proper application of the quoted passage to the proceeding which we are here reviewing. In the Ehrhart case we were at pains to point out the rule with reference to a later disorder occurring at the same place as the earlier one and due to the same general causes, for we there said: "Let us suppose, by way of illustration, that *after Salvatore's leg had healed and he had returned to*

*work* he should have suffered with necrosis of the bone in the vicinity of the fracture. It would have been perfectly proper for the Industrial Accident Commission to have investigated the second disability and *to have determined the facts from the record made at the original hearing and the evidence adduced at the later inquiry,* and, if justified by those facts, to have ordered a resumption of payment of an indemnity." And if such power exists with reference to a later development causing compensable disability, it must also inhere in the commission when the ultimate effect of the injury is the workman's death.

No other matters presented by the briefs require comment or analysis.

The writ is dismissed and the award affirmed.

Shaw, J., Sloss, J., Henshaw, J., Lorigan, J., and Angellotti, C. J., concurred.