## CAGLE v. FEDERAL MINING & SMELTING CO. et al.

No. 15944—Opinion Filed Oct. 20, 1925.

1. **Master and Servant—Workmen's Compensation—Modification of Award for "Change in Condition" — Additional Injury.**

A claim made for a personal injury more than six months after the date of an accident cannot then become the basis for modifying an award made by the Industrial Commission for an injury suffered from an accident, upon the ground of a change in condition as defined by section 7296, Compiled Statutes of 1921, provided the later injury is disassociated as an effect from the first injury.

2. **Same—Refusal of Modification Sustained.**

Record examined; held, to support the judgment of the Industrial Commission denying a modification of its previous award for personal injury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Original proceedings by T. J. Cagle, claimant for additional workmen's compensation, to review a judgment of the Industrial Commission rendered against him. Affirmed.

John H. Venable, for petitioner.

Rittenhouse & Rittenhouse, George F. Short, Atty. Gen., Fred Hansen, Asst. Atty. Gen., and J. Fred Swanson, for respondents.

Opinion by STEPHENSON, C. A stone fell against T. J. Cagle while in the course of his employment, in the service of the Federal Mining & Smelting Company. The employe filed a claim before the Industrial Commission for injury to his knee as the result of the accident. The commission made an award as compensation for the injury, and later the employer filed a motion in the cause to discontinue the compensation on December 4, 1923. The commission, after the hearing, denied the application of the employer, but ordered that the compensation be discontinued on February 4, 1924. The petitioner and his employer reached an adjustment and settlement of the compensation to be allowed the former. The parties appeared before the commission and presented the settlement for approval, which was allowed in April, 1924.

The petitioner filed his application for a modification of the previous award and allowance for injury to his shoulder six months after the date of the accident. The commission denied the application of the claimant and refused to modify the compensation allowed the claimant. The claimant commenced his original proceedings in this court within the time provided by statutes for reviewing the judgment of the Industrial Commission denying his application for modification of the previous award made in his favor.

The petitioner did not give notice to his

employer about the injury to his shoulder, or make any claim for compensation as a result of the injury to his shoulder within six months from the date of the accident. The petitioner does not claim that the injury to his shoulder is an effect or the result of the injury to his knee. The award and compensation was allowed the petitioner upon a claim for injury to his knee. The evidence of the petitioner before the Industrial Commission was that the injury to his knee had not changed from that condition which existed at the time compensation was fixed for the injury. The petitioner would not be entitled to a modification of the award if the evidence was confined to the injury to his knee, as he admits there had been no change in the condition of the injury to his knee. The plaintiff is in the attitude of presenting a claim for compensation based upon an injury different from that heretofore complained about, and different from that upon which his claim for compensation was based. The petitioner is in the attitude of presenting a claim for injury to his shoulder for the first time after the expiration of six months from the date of the injury. The plaintiff's application for a modification of the award must fall for the reason that his evidence shows there has been no change in the nature of the injury, or in its condition since a trial was had thereon. The petition is in the nature of an application for an award based upon an injury that has not been presented to the commission heretofore. The consideration of the application must be confined to the same statutory rules as would apply in the original trial of such cases. To allow the modification of the previous award upon the facts in this case would subvert the provisions of section 7292, and deny the effect of the section as a statute of limitation.

Only the question of the sufficiency of the application of the petitioner to entitle him to a modification of the previous award, under the provisions of section 7296, Compiled Statutes of 1921, is involved. The question of the sufficiency of the application to support a claim for compensation based upon a different injury is not before us for consideration, as this question was not presented by the petitioner and is not involved in trying the question of modifying some prior award. Ehrhart v. Industrial Com. of California, 172 Cal. 621, 158 Pac. 193. The petitioner does not cite authorities or call our attention to any statutory provisions that authorize the modification of a previous award for injury because of some other injury suffered from the accident for which no claim was made in the first hearing.

It is recommended that the judgment of the commission be affirmed.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 132, § 151 (Anno). (2) Workmen's Compensation Acts, C, J. p. 132, § 151. See under (1,2) L. R. A. 1917D, 186; 28 R. C. L. p. 827; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. pp. 1871, 1872; 5 R. C. L. Supp. pp. 1580, 1581.