CURTIS v. SLATER CONSTRUCTION CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION LAW — RE-OPENING CASE—ADDITIONAL COMPENSATION HEARING—NOTICE—WAIVER.

Where the industrial accident board notified respondent that a hearing on the petition of claimant praying that the case be reopened would be held on a certain date, and the petition, which was on file, prayed also for additional compensation, respondent was not prejudiced by the action of the board in also proceeding to determine that question, especially since respondent appeared at the hearing, and, without asking for further time, cross-examined claimant and his witnesses, and swore in its own behalf three witnesses.

2. SAME—FINDING OF BOARD—EVIDENCE—SUFFICIENCY.

In proceedings to review the action of the industrial accident board, in awarding claimant additional compensation, where claimant testified that the injury for which respondent had previously paid him compensation caused his present condition of partial paralysis, and his physician testified that this condition would naturally follow from the injury, there was sufficient evidence to support the finding of the board.

3. SAME—NOTICE OF INJURY—STATUTES.

The fact that respondent had knowledge of the injury at the time it occurred, as evidenced by its filing an agreement as to compensation and settlement receipt with the industrial accident board, rendered it unnecessary for claimant to file a written notice of said injury under section 18, pt. 2, Act No. 10, Extra Session 1912.

4. SAME—FILING CLAIM—TIME—WAIVER.

Where an injured employee and his employer entered into an agreement with reference to compensation under the terms of the act (Act No. 10, Extra Session 1912), and filed the same with the industrial accident board, such action constituted a waiver on the part of the employer of the statutory requirement that the employee shall file his claim within six months from the date of injury.

5. SAME—ARBITRATION—SETTLEMENT AGREEMENT.

An agreement between the employee and his employer as

to compensation to be paid for an injury, when filed with the industrial accident board, obviates the necessity for, and deprives the parties of the right to, an arbitration.

Certiorari to Industrial Accident Board. Submitted June 16, 1916. (Docket No. 4.) Decided December 22, 1916.

John N. Curtis presented his claim against the Slater Construction Company for compensation for injuries while in respondent's employ. On the death of claimant, the claim was revived in the name of Jessie Curtis, administratrix *de bonis non*. From an order awarding compensation, respondent brings certiorari. Affirmed.

*Hymers, Fredenburg & Heitsch* (*Alexander, Cotter & MacCord*, of counsel), for appellant.

*De Hull N. Travis*, for appellee.

BROOKE, J. Under the provisions of the employers' liability act the claimant and respondent on December 10, 1913, entered into the following agreement:

"Agreement in Regard to Compensation.

"We, John Curtis, residing at city or town of Pontiac, Mich., and Slater Construction Co., have reached an agreement in regard to compensation for the injury sustained by said employee while in the employ of Slater Construction Co., Pontiac, Mich.

"The time, including hour and date of accident, the place where it occurred, the nature and cause of injury and other cause of ground of claim, are as follows:

"Nov. 20th, 1913, about 10 o'clock a. m. a ditch caved in and bruised said John Curtis about the lower limbs and strained one knee. The said John Curtis was incapacitated for work from Nov. 20th to December 9th inclusive and started to work Dec. 10th, 1913.

"The terms of the agreement follow:

"The average pay for 41 weeks of said John Curtis while in the employ of said Slater Construction Co., covering the period from Nov. 21, 1912, to Nov. 20,

1913, is ($12.19) twelve dollars and nineteen cents, the said Curtis having worked 41 weeks with a total compensation of $497.73.

> "JOHN CURTIS.
> "SLATER CONSTRUCTION CO.,
> "By O. A. SLATER, Mgr.

"Witness:   GEO. E. SUTTON.

"Dated at Pontiac, Mich., this 10th day of December, 1913."

On the same day claimant was paid the sum of $16.26 and executed the following settlement receipt:

### "Settlement Receipt.

"Received of Slater Construction Co. the sum of sixteen and 26/100 dollars, making in all, with weekly payments already received by me, the total sum of sixteen dollars and twenty-six cents, in settlement of compensation under the Michigan workmen's compensation law, for all injuries received by me on or about the 20th day of November, 1913, while in the employ of Slater Construction Co. subject to review and approval by the Industrial Accident Board.

> "Witness my hand this 10th day of December, 1913.
> "JOHN CURTIS.
> "SLATER CONSTRUCTION CO.,
> "O. A. Slater, Mgr.

"Witness:   GEO. E. SUTTON.

"Address:   121 Norton Ave., Pontiac, Mich."

Later and on January 15, 1914, the industrial accident board approved the agreement in regard to compensation as follows:

> "STATE OF MICHIGAN INDUSTRIAL ACCIDENT BOARD,
> "Oakland Building, Lansing.
> "In re Slater Construction Co.—John Curtis.
> "January 15, 1914.

"SLATER CONSTRUCTION COMPANY,
"Pontiac, Michigan.

"*Gentlemen:* The agreement in regard to compensation in the above case has been passed upon by the Industrial Accident Board and approved.

> "Very truly yours,
> [Signed]   "R. L. DRAKE, Secretary."

It is undisputed that, at the time of the payment of the money for which the receipt was given, claimant had returned to work for the respondent, and that he worked for some time. He claims he was able to work but a few days, while the evidence on the part of the respondent tends to show that he continued in the employment from December 10, 1913, to January 9, 1914, a period of about four weeks, at which time he was discharged because respondent had no further work for him to do. According to the contention of respondent and appellant, nothing further was heard of claimant until October, 1914, when claimant made an affidavit setting out the fact of his injury, of the compensation he had received, and the claim that the respondent had known of his continuing illness since the injury.

On December 6, 1914, a petition to reopen the case and grant further compensation was filed with the industrial accident board, in which claimant asserts that his signature to the receipt was obtained through representations made on behalf of the company that the receipt was for the sum of money mentioned therein simply, and was not in full compensation for the injury sustained. The board thereupon gave the following notice to respondent:

"SLATER CONSTRUCTION CO.,
   "11-71 Parke St.,
      "Pontiac, Mich.
   "*Gentlemen:* In re Slater Construction Company— John Curtis.
   "You are hereby notified that a hearing on the petition of the applicant in the above entitled cause praying that the case will be reopened, will be held before the Industrial Accident Board at its offices in the City of Lansing, Michigan, on the afternoon of January 27, 1915.
                    "Very truly yours,
                       "G. W. DICKSON, Secretary."

The case was thereafter reopened, and the testimony of the claimant and his attending physician was taken on his behalf, tending to show that shortly after the accident claimant developed a partial paralysis of his lower limbs, and at the time of the hearing was still suffering from paralysis and Bright's disease, which in the opinion of the attending physician resulted from the accident. On behalf of the respondent, a physician testified that he examined the claimant on November 20, 1913, the day of the accident, and found him suffering from an injury to one of his knees, but found no other objective symptoms of injury. This physician never saw the claimant thereafter.

On the 23d day of September, 1915, the board made the following order:

"A petition having been filed by John N. Curtis, now deceased, praying for reasons therein set forth that his case be reopened and that he be awarded further compensation therein, and after the hearing of said cause before the full board and before the decision of the same said John N. Curtis, deceased, and thereafter Jessie Curtis was by the probate court of the county of Genesee appointed administratrix of the estate of said John N. Curtis herein, and the board having fully heard said cause and having carefully examined the proofs and evidence therein, and due consideration thereon having been had, it is ordered and adjudged that the prayer of the petition herein be granted and that said applicant, the administratrix aforesaid, is entitled to receive and recover from said respondent compensation at the rate of six dollars and nine ($6.09) cents per week for fifty-four (54) weeks in addition to the compensation heretofore paid during the lifetime of said John N. Curtis, and that same is due and payable."

It appears that the claimant had died between the time of the hearing and the award, and that the weekly payments provided for in the award covered only the period from the time of the last payment until the date of claimant's death.

Respondent and appellant relies upon the following errors:

"(1) That the Industrial Accident Board erred in deciding the case upon its merits after ordering that the hearing be had for the purpose of determining whether or not the case should be reopened.

"(2) That the Industrial Accident Board erred by holding as a matter of law that there was any evidence in the record upon which to base the finding of fact that the physical condition of said John Curtis was in any manner the result of the accident upon which compensation had theretofore been paid.

"(3) That the Industrial Accident Board erred by holding that a written notice of injury for which compensation was granted had been made or that your petitioner had knowledge of the injury for which compensation was granted within three months from the date of the injury.

"(4) That the Industrial Accident Board erred in holding that the claim for compensation for the injury for which compensation was granted had been made within six months from the date of the injury.

"(5) That the Industrial Accident Board erred in failing to allow your petitioner a hearing before an arbitration committee."

We will examine respondent's several claims in their order.

1. While the notice to respondent "that a hearing on the petition of the applicant on the above-entitled cause praying that this case will be reopened will be held before the industrial accident board at its office in the city of Lansing, Mich., on the afternoon of January 27, 1915," makes no mention of the fact that the board at that time would or might proceed to grant further compensation, the petition itself was on file, and the petition prayed not only for the reopening of the case, but likewise for further compensation.

The board in its return says:

"Under the established system of the board, where a petition is filed to reopen and grant further compen-

sation, both questions are at issue in the one proceeding. Proofs are taken covering both the propriety of reopening, and the relief to be granted if the case is reopened, and the matter is disposed of by a single order. No request was made by the respondents for an opportunity to bring in further testimony. At the time of the hearing, additional time was granted in which the parties might file briefs, but no suggestion was made that they desired to file additional proofs."

In view of the fact that no application was made by respondent at the hearing for further time to introduce testimony, we are of opinion that the rights of respondent were not prejudiced by the action of the board in proceeding to a determination of the basic question, which was whether claimant was entitled to further compensation. A further reason for this conclusion is found in the fact that respondent appeared at the time of the hearing upon the petition, cross-examined claimant and his witnesses, and swore in its own behalf three witnesses.

2. It is asserted that there is no evidence in the record upon which to base the finding of the board that the condition of the claimant was in any manner the result of the accident upon which compensation had theretofore been paid, and that the finding of the board is based wholly upon conjecture. Claimant himself, in his lifetime, testified to the fact that the injury caused his condition, and he offered the testimony of his physician, who said that in his opinion claimant's then present condition would naturally follow from the injury. We are of opinion that there was evidence to support the finding of the board.

3. The third contention is, we think, without merit. There is no doubt that the respondent had knowledge of the injury at the time that it occurred, as is evidenced by the fact of its filing the agreement as to compensation and the settlement receipt with the industrial accident board. Appellant's claim that it had

no knowledge of the claimant's condition after he quit work on the 10th of January is disputed by the evidence of the claimant himself; but, in any event, it is clear that the compensation granted was for an injury, knowledge of which respondent had. This fact rendered it unnecessary to file a written notice of said injury under section 18, pt. 2, of the act (2 Comp. Laws 1915, § 5448).

4. We think it clear that where an injured employee and his employer enter into an agreement with reference to compensation under the terms of the act, and file the same with the industrial accident board, such action constitutes a waiver on the part of the employer of the statutory requirement that the employee shall file his claim within six months from the date of injury.

5. With reference to the fifth claim of respondent, the board returned as follows:

"Under the procedure and the rules established by the board, arbitration is not permissible after an agreement in regard to compensation has been made and approved by the board, or after one arbitration has been had. Any other rule would make the procedure interminable and burdensome and the administration of the act could not be carried out. Subsequent matters arising in cases are handled by petition."

We are of opinion that the agreement between the parties as to compensation when filed with the board obviates the necessity for, and deprives the parties of the right to, an arbitration.

The order of the industrial accident board will stand affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.