JERRY F. O'MALLEY (EMPLOYEE), RESPONDENT, v. MACK INTERNA-
TIONAL MOTOR TRUCK CORPORATION (EMPLOYER), AND ZURICH
GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LTD., A
CORPORATION (INSURER), APPELLANTS.—31 S. W. (2d) 554.

St. Louis Court of Appeals.   Opinion filed October 7, 1930.

(1)

2

*M. L. Litchtenstadt* and *Hensley, Allen & Marsalek* for appellant.

4

*Davis & Todd* and *A. M. Hoenny* for respondent.

SUTTON, C.—This is an action for compensation, brought before the Workmen's Compensation Commission, for injuries received by plaintiff while in the employ of defendant Mack International Motor Truck Corporation. Defendant Zurich Insurance Company was the insurance carrier at the time of plaintiff's injury. The commission awarded plaintiff $20 per week, for six weeks, for temporary total disability, and $228 for medical aid. From this award the defendants appealed to the circuit court. Upon the hearing in the circuit court the award of the commission was affirmed, and judgment was entered thereon accordingly. From the judgment of the circuit court defendants have duly appealed to this court.

Plaintiff sustained the injuries for which he sues, on June 25, 1927, while cranking a truck. It appears from the record of the commission that on July 29, 1927, the truck corporation filed with the commission a report of the accident and a final receipt in the nature of an agreement for compensation, signed by plaintiff, amounting to $17.14, reciting that the injury was a ruptured blood vessel under the right arm. This settlement agreement was never approved by the commission. On February 21, 1928, plaintiff filed with the commission a claim for compensation for hernia, alleged to have resulted from the same accident. To this claim defendants answered denying that plaintiff sustained the injury mentioned in the petition, and charging that the claim was barred by reason of the provisions of section 39 of the Compensation Act. Upon a hearing before Hon. ALROY S. PHILLIPS, one of the members of the commission, on April 18, 1928, plaintiff's claim was disallowed, on the ground that the evidence failed to show that the hernia resulted from the accident. Upon disallowing the claim the commissioner advised the plaintiff that his hernia could be cured by an operation, and that he should have an operation performed, but that he would have to pay for that himself. On April 24, 1928, plaintiff submitted to an operation. On May 25, 1928, he made application for a review by the full commission of the order of the commissioner disallowing his claim. On September 29, 1928, a hearing was had before the full commission, which resulted in the award of $228 for medical aid and the $20 per week for six weeks for temporary total disability, as before stated.

At the hearing before the full commission plaintiff testified that his work was that of driving, cranking, starting and testing heavy trucks for his employer, the Mack International Motor Truck Corporation; that on June 25, 1927, while attempting to crank a three and one-half ton truck the crank slipped and he was thrown down on his knee and shoulder; that he had suffered no pain in his groin prior to the accident, although he had been lifting heavy objects and cranking trucks for a period of five years prior to the accident; that at the time of the accident he felt pains across the small of his back; that they were sharp pains and seemed to jump; that shortly before July 31, 1927, he noticed a lump on his left side; that the lump was not as big as a marble, but more like a peppermint, and flat; that when he went to lift up on the crank he would feel a sharp prickly feeling down in his groin, and his knees would give in; that he had never had this sensation before the accident, and noticed it for the first time when he returned to work ten days after the accident; that when he noticed the lump on his side he did not know what it was; that on July 31, 1927, he went to Dr. Ellsworth Kneal for treatment; that Dr. Paul Vineyard also treated him for the injury to his arm after the accident on June 25, 1927; that Dr. Kneal examined him on July 31, 1927, and told him that he had a hernia, and that he had to be operated on and wear a truss; that he wore a truss from that time until his operation; that he did not do any bowling or heavy work after he had the accident, before he went back to work; that during the ten days period that he was away he was not doing any kind of work at all; that the arm that was hurt was strapped to his body; that when he went back to work it was taken loose from his body; that when he went back to work he could not do any lifting or cranking for a while on account of his arm still being sore; that whenever he cranked a truck after that time he felt weak in the groin and would have pains in the groin; that that was the first time he noticed those pains after he had the accident.

Dr. Paul Vineyard testified that the prickly sensation or pain experienced by plaintiff was due to the stretching of the peritoneum or internal ring as the hernia protrudes, and that the back pain could have been caused by the pulling of the mesentry; that the accident which plaintiff sustained would be a very dangerous cause of hernia, and that in his opinion plaintiff could have sustained the injury by the fall he received in cranking the truck; that plaintiff could not have done the character of work he had been doing prior to the accident if he had been suffering from hernia at that time, without suffering great pain. Dr. Ellsworth Kneal testified that he examined plaintiff on July 31, 1927, and found a left inguinal rupture or hernia, which was later operated upon and found to be indirect; that plaintiff stated that he had not noticed it until a short

time before he came in, and that he did not know what it was, but asked him what it was; that he advised plaintiff to have an operation for his hernia, and that he should use a truss until such time as he could have an operation; that hernias do not come on suddenly; that plaintiff had some relaxation of his ring by this blow or some intra-abdominal pressure that might have forced a piece of bowel in there to come out immediately; that if that had happened he would not necessarily have had a sharp pain in the region of the rupture if he was suffering pain otherwise; that he might not have noticed it; that the thing that produces hernia is the intra-abdominal pressure; that a fall like plaintiff had would produce a sudden abdominal pressure; that it would produce an increase in the intra-abdominal pressure.

Plaintiff did not seek medical treatment from his employer. He secured the physicians for his treatment of his own accord. His operation was performed by Dr. Vineyard, without any prior special order therefor by the commission. The provisions of the Compensation Act pertinent to the questions raised on this appeal are as follows:

"Section 13. (a) In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical, and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required for the first sixty days after the injury or disability, to cure and relieve from the effects of the injury, not exceeding in amount the sum of two hundred and fifty dollars, and thereafter such additional similar treatment within one year from the date of the injury as the commission by special order may determine to be necessary. If the employee desires, he shall have the right to select his own physician, surgeon, or other such requirements at his own expense. Where such requirements are furnished by a public hospital or other institution, payment therefor shall be made to the proper authorities.

"Section 35. Nothing in this act shall be construed as preventing the parties to claims hereunder from entering into voluntary agreements in settlement thereof, but no agreement by an employee or his dependents to waive his rights under this act shall be valid, nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this act be valid until approved by the commission, nor shall the commission approve any settlement which is not in accordance with the rights of the parties as given in this act. No such agreement shall be valid unless made after seven days from the date of the injury or death.

"Section 36. Upon receipts of notice of any accident the commission shall forward to the employer and to the employee or his dependents a form of agreement to pay and accept compensation, providing for payment of compensation in accordance with the

provisions of this act, which agreement shall be promptly executed by both parties and returned to the commission, and if in any case the employer disputes the claim for compensation and for that reason refuses to execute the agreement to pay compensation, the commission shall assist the person who claims to be entitled thereto, in filing his claim and securing an early adjudication thereof; and where such agreements to pay and receive compensation are executed and filed it shall be the duty of the commission, in case payments thereunder are not promptly made, to provide prompt measures for the payment of such compensation and for hearing disputes with reference thereto. If the parties agree, they shall file with the commission a report of the facts and their agreement, and if the agreement is approved by the commission it shall make an award of compensation thereon in accordance therewith.

"Section 39. No proceedings for compensation under this act shall be maintained unless a claim therefor be filed with the commission within six months after the injury or death, or in case payments have been made on account of the injury or death, within six months from the date of the last payment. In all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property, but the appointment of a guardian shall be deemed the termination of legal disability from minority or insanity.

"Section 42. Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties and the employer's insurer a copy of the award. No such review shall affect such award as regards any moneys paid."

Defendants contend here that since the plaintiffs claim for compensation on account of his hernia was not filed within six months after the injury, it is barred under the provisions of section 39 of the Compensation Act. In view of the fact that the parties had filed with the commission a settlement agreement which had not been approved or acted upon by the commission at the time of the filing of the claim for the hernia, we think the defendants' contention is not well taken. The filing of the settlement agreement gave the commission jurisdiction of the plaintiff's claim for compensation for injuries ensuing on account of the accident. It was in effect the filing of a claim for compensation. It was signed by the parties, and was accompanied by a report of the facts. It was not valid and final as a settlement until approved by the commission and an award was made thereon. So long as the commission had

not acted on the agreement the amount of plaintiff's compensation was an open question before the commission. The view that the claim is not barred is borne out by the provisions of section 42 of the act to the effect that the commission may at any time, upon a proper hearing, review and modify any award, either diminishing or increasing the compensation awarded. If after an award has been made upon the original hearing of the claim the commission may increase or diminish the award at any time, then for a much stronger reason, it would seem that the commission ought to have power, when no award has been made, but the claim remains pending and undisposed of before the commission, to allow the filing of an amended claim, and on proper hearing make such award as it ought under the facts. This view appears to be supported by the decisions in analogous cases in other jurisdictions: Curtis v. Slater Construction Co., 194 Mich. 259, 160 N. W. 659; Steffens Ice Cream Co. v. Jarvis, 270 Pac. 1103, 132 Okla. 300; Schaefer v. Buffalo Steel Car Company, 250 N. Y. 507, 166 N. E. 183; Gillilard Oil Co. v. State Industrial Commission (Okla.), 273 Pac. 208; Speas v. Boone County (Neb.), 227 N. W. 87, l. c. 91; Bailey v. Hess, 227 N. W. 69; Morin's Case, 122 Me. 343; Cauthier's Case, 120 Me. 73; Milton's Case, 122 Me. 437.

Defendants contend that because section 39 provides that in case payments have been made on account of the injury, no proceedings for compensation shall be maintained unless the claim therefor be filed within six months after the date of the last payment, therefore the filing of the settlement agreement and its pendency before the commission did not extend the limitation period, but that the limitation period runs from the date of the last payment. We art not impressed with this contention. The provision referred to was evidently intended to guard against the injustice which might be done if, by voluntary payments, the employer should induce an injured employee to forego his right to seek redress at the hands of the commission until the lapse of the period of limitation, and then refuse further compensation. Its purpose was to avoid the possibility of such sharp practice. [Ehrhart v. Industrial Accident Commission, 172 Cal. 621.]

Defendants contend, however, that granting that the filing of the settlement agreement extended the limitation period while the settlement agreement was pending so that the commission had authority upon disapproving the settlement agreement to award the compensation legally due upon the claim irrespective of the limitation provision, its authority would nevertheless be limited to the identical claim described in the settlement agreement, and would not extend to a claim based upon a condition not resulting from the precise injury which was the subject-matter of the settlement agreement. In support of this contention defendants rely on the following cases:

Ryan's Case, 123 Me. 527; Cagle v. Mining Co., 112 Okla. 247; Ehrhart v. Ind. Accident Commission, 172 Cal. 621. In each of these cases a final award had been made, and in proceedings to review and modify the award, under statutory provisions therefor similar to our own, it was ruled that proceedings instituted, after the lapse of the limitation period, for an injury disassociated as an effect from the injury for which the original award was made, could not be maintained. In Ryan's Case an award had been made on approval of a settlement agreement filed. In the Ehrhart case there was a strong dissenting opinion by Justice LAWLOR, from which we quote as follows:

"I dissent. I do not think that the Industrial Accident Commission was without jurisdiction to make a supplemental award. It would be more in keeping with the purposes and tenor of the act to hold that once the commission is vested with jurisdiction to deal with disability resulting from an accident, it retains jurisdiction until the disability ceases, . . . irrespective of whether the disability is continuous or recurrent, or results from one or more injuries caused by the same accident, or whether, in the case of more than one injury, the disability manifests itself at the same or at different times. . . .

"In this case the injured employee did institute proceedings within six months from the date of the accident. In my opinion the jurisdiction thus vested continued in legal effect so as to cover any other disability resulting from the identical accident, for the injury to the leg and the blow on the chest were simultaneously caused by the fall of the timber. . . .

"Nor do I think there is any proper basis of comparison between this applicant, and the injured employee in the given illustration who fails to make any report of his accident to the commission within the statutory period. The former put the law into motion following the accident, and seasonably challenged full investigation into his injured condition, while the latter fails to exercise his rights. The commission had authority to act in the one case; it has no opportunity to act in the other. . . .

"I think the construction placed upon the act by the majority opinion in the particulars discussed will tend to defeat the purpose and aims of the legislation. It is the plain import of the statute to dispense with the formalities and delays that attend upon ordinary litigation, to avoid or minimize the expense of employing counsel, and to confer upon the commission plenary power to efficiently and promptly deal with the claims of injured employees, who are not expected to have an astute understanding of the provisions of the act, and who must depend upon the commission to guide them through the requirements thereof in securing all the disability indemnity to which they are rightfully entitled."

But the record here presents a much stronger case for the employee than either the Ehrhart case, or the other two cases relied on by defendants. In the case here no final award had been made for the injury to plaintiff's arm at the time he filed his application for compensation on account of his hernia. The settlement agreement filed had neither been approved nor disapproved. No action had been taken upon it. It was still pending before the commission, undisposed of, as an open claim for compensation. Of course the commission would not have approved the settlement agreement without some proper hearing. Such hearing would doubtless have disclosed to the commission the plaintiff's hernia, and in such case, the settlement agreement would have been disapproved and the plaintiff would have been advised that it was not binding on him, and steps would have been taken to arrive at a suitable award for the hernia. The failure of the commission to take action on the settlement agreement within the limitation period ought not become the means of enabling the employer to interpose the limitation of the statute to defeat a recovery by plaintiff of the compensation to which he is legally entitled. We are not persuaded that under the record before us the plaintiff should be barred of his right to compensation for his hernia because he failed to make application to the commission for this identical injury within the limitation period prescribed by the statute.

The settlement agreement filed with the commission is not set out in the record. However, it sufficiently appears from the record that the agreement was filed, along with a report of the facts.

Defendants further contend that they are not liable for the surgeon's fee and the hospital expenses incurred in the operation for the hernia, because the surgeon and hospital were selected by plaintiff of his own accord, and not at the behest of his employer. In Johnson v. Kruckemeyer .(Mo. App.), 29 S. W. (2d) 730, this court ruled that if the employee sees fit to select his own physician, surgeon or other requirement, he does so at his own expense. The court in that case, however, took the precaution to add that its interpretation of the statute was very general, and expressly limited its ruling to the facts of that case. In the present case, at the time plaintiff selected the physician and hospital for his operation, defendants were denying all liability for the hernia, both on the ground that the hernia did not arise out of the accident, and on the ground that the claim was barred by the limitation of the statute. In this respect the present case is very different from the Johnson case. Under the circumstances of the present case it would have been useless for plaintiff to have applied to his employer to provide a surgeon, or other requirement, for his operation. The denial by the employer of all liability for the hernia on the grounds stated, was in effect a refusal to furnish medical, surgical or hospital

treatment, and there was nothing for the plaintiff to do but to select the surgeon and hospital necessary for his operation, and which he regarded as best suited for that purpose. Moreover, at the hearing before Commissioner PHILLIPS, plaintiff was advised by the Commissioner, in the presence of defendants' counsel, that the operation, if he had one, must be at his own expense.

Defendants further contend that plaintiff's operation not having been performed within sixty days after the injury, it was essential that the commission, by special order, determine the operation to be necessary before the operation was performed, in order to charge the expense thereof to the employer. It was ruled in the Johnson case that where the employee desires to have additional treatment, and to have the expenses therefor charged against the employer, it is necessary that he procure a special order therefor from the commission, such special order to be made before the expense is incurred, and not afterwards. We do not think the ruling in that case is controlling under the facts here, where the employer was denying liability both on the ground that the injury sued for did not result from the accident, and on the ground that the claim was barred by the limitation of the statute. It could hardly be expected, where the employer was thus denying liability, that the commission would make a special order requiring the employer to provide the employee with additional medical treatment before the question of the employer's liability was determined. Must the employee await final determination of that question before obtaining additional treatment, however imperative the need for it may be? Moreover, at the hearing before Commissioner PHILLIPS, it was ruled by the commissioner that the employer was not liabile to plaintiff, and it was so ruled on the ground that the evidence was insufficient to show that the hernia resulted from the accident, and plaintiff was so advised. He was also advised that he ought to have an operation performed, but that this would have to be done at his own expense. He was not advised, however, that it was essential to procure a special order for the operation to entitle him to charge the expenses thereof to his employer. He does not appear to have been represented by counsel at the hearing. In view of these circumstances, we do not think the plaintiff should be precluded from recovering the expenses of his operation for failure to procure a special order therefor from the commission before the operation was performed.

Defendants further contend that the expense of the plaintiff's operation is not chargeable against his employer because such additional treatment was not similar to the treatment received during the period of sixty days following the injury, but the evidence shows that Dr. Kneal treated plaintiff for his hernia within such period of sixty days, that he reduced the hernia, advised plaintiff to have an operation, and prescribed for him a truss to be worn until such

time as the operation could be had. We think the term "similar treatment" as used in the statute should be broadly construed, and, so construing the term, it is obvious that the operation was similar treatment to the treatment received within the period of sixty days following the injury.

Defendants further contend that the additional treatment had after the period of sixty days following the injury must be additional to the treatment provided by the employer during that period, and that inasmuch as plaintiff was not provided with any treatment by the employer during that period he is therefore not entitled to charge the employer with the additional treatment. We do not so understand the statute. The duty enjoined by the statute, as we read it, is not that the employer shall provide treatment additional to that provided by the employer during the first sixty days after the injury, but the duty enjoined is that the employer shall provide treatment additional to the treatment that was reasonably required for the first sixty days after the injury, whether the treatment required during that period was provided by the employer or the employee himself. It would seem to be an unreasonable interpretation of the statute to say that because the employee elects to provide the treatment required during the first sixty days at his own expense, and thus relieve the employer of such expense, he should therefore be deprived of the right to have his employer provide the additional treatment afterwards found to be 'necessary.

Defendants' final contention is that plaintiff failed to prove that his hernia resulted from the accident. But we regard the evidence as manifestly sufficient to warrant the finding for the plaintiff on that issue.

The commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.