ZIEGLER v. FULLER MANUFACTURING COMPANY.

WORKMEN'S COMPENSATION—LOSS OF EYE—EQUALLY DIVIDED COURT.
Award to plaintiff who sustained injury to eye on July 17, 1940,
for which report as for compensable accident was filed July
26, 1940, who lost vision of the eye October 30, 1945 and filed
claim for compensation February 22, 1946, but no agreement
for compensation was ever submitted either to plaintiff or the
department of labor and industry, although he was paid full
wages during disability immediately following injury for up-
wards of a month, is affirmed by an equally divided court (2
Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub.
Acts 1943; § 8456).

Appeal from Department of Labor and Industry.
Submitted April 7, 1948. (Docket No. 18, Calendar
No. 43,886.) Decided October 4, 1948. Rehearing
denied November 12, 1948.

LeRoy H. Ziegler presented his claim for com-
pensation against Fuller Manufacturing Company,
employer, and American Mutual Liability Insur-
ance Company, insurer, for loss of eye. Award to
plaintiff. Defendants appeal. Affirmed by an
equally divided court.

*Rathbun & Arvidson,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conk-
lin (Edward D. Wells,* of counsel), for defendant.

REID, J. *(for reversal).* Defendants appeal from
an award by the department of labor and industry
to plaintiff for loss of an eye.

REFERENCES FOR POINTS IN HEADNOTES
[1] See 3 Am. Jur., Appeal and Error, § 1160.

Plaintiff, LeRoy H. Ziegler, sustained an accidental injury to his left eye on July 17, 1940, while he was employed as a foreman in the heat treating department of the defendant company. The injury occurred when he was struck in the eye by a piece of steel which penetrated the eye. The steel was removed from the eye at Borgess hospital in Kalamazoo by Dr. Marshall. Plaintiff was confined in the hospital for 20 days while the eye was being treated. He returned to part time work about a week after he was discharged from the hospital and about a week later resumed his regular duties. About six or eight weeks after the injury he was fitted with glasses by Dr. Marshall. He had not previously used glasses but has used them since that time. Plaintiff left the employment of defendant company some time in the month of September, 1941, to engage in his own business.

Some time in the early part of 1945, plaintiff began to notice that the vision in his left eye had diminished. He also noticed that the appearance of the eye was changing and that a white formation was covering the center of the eyeball. The vision in the left eye gradually diminished during 1945. Some time approximately two or three months prior to the latter part of the month of December, 1945, he discovered he had practically no vision in the left eye. Plaintiff consulted Dr. Marshall in February, 1946, concerning the vision of his left eye. At that time he also discussed the matter of the loss of vision of the eye with a representative of the defendant company.

Plaintiff made claim for compensation for the loss of vision of the left eye for the first time on February 22, 1946. It is not disputed that plaintiff has lost the vision of his left eye by reason of a traumatic cataract.

A report of compensable accident was filed with the department of labor and industry on July 26, 1940. It was a proper report for the reason that plaintiff did sustain a compensable injury. He was off work approximately 30 days as the result of the eye injury. During that period of time he was paid his regular wages.

The department found that plaintiff lost the vision of his left eye on October 30, 1945, as the result of the accident he sustained on July 17, 1940, and that plaintiff is entitled to compensation of $21 per week from October 30, 1945, until the further order of the commission but not to exceed 150 weeks from that date for the loss of vision of his left eye.

Plaintiff never made claim for any compensation not only for the loss of vision, but also for injury to the eye, until February 22, 1946. The report of compensable accident, filed by the employer with the department of labor and industry on July 26, 1940, contained the following note: "This man is receiving his weekly pay check so he should not receive compensation." The record further shows that the defendant employer actually paid said wages during the 34 days when the plaintiff was unable to perform his work because of the injuries sustained on July 17, 1940, as well as the plaintiff's medical and hospital expenses.

Defendants assert that plaintiff's claim is barred by part 2, § 15, of the workmen's compensation act, 2 Comp. Laws 1929, § 8431, as last amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8431 [Stat. Ann. 1947 Cum. Supp. § 17.165]), which provides:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within 3 months after the happening thereof, and unless the claim for compensation with respect to

such injury, which claim may be either oral or in writing, shall have been made within 6 months after the occurrence of the same; or, in case of the death of the employee, within 6 months after said death; or, in the event of his physical or mental incapacity, within the first 6 months during which the injured employee is not physically or mentally incapacitated from making a claim: *Provided, however,* That in all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same within 3 months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within six months after the happening of the injury, but does develop and make itself apparent at some date subsequent to 6 months after the happening of the same, claim for compensation may be made within 3 months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within 2 years from the date the personal injury was sustained: *And provided further,* That any time during which an injured employee shall be prevented by reason of his physical or mental incapacity from making a claim, shall not be construed to be any part of the 6 months' limitation mentioned in this section: *And provided further,* That in all cases in which the employer has been given notice of the happening of the injury, or has notice or knowledge of the happening of said accident within 3 months after the happening of the same, and fails, neglects or refuses to report said injury to the compensation commission as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said injury shall have been filed with the compensation commission."

The statute in effect at the time of the happening of the injury complained of was, so far as concerns

this controversy, in substantially the same form as above quoted.

Plaintiff claims that .defendants are precluded from the benefit of the statute of limitations as contained in the above section (2 Comp. Laws 1929, § 8431, as last amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8431, Stat. Ann. 1947 Cum. Supp. § 17.165]), and that the reason defendants are so precluded is that defendants although making a report of compensable accident to the department of labor and industry, did not prepare nor present to plaintiff an agreement for compensation required under subsection (c) of section 17 of part 3 of the workmen's compensation act (2 Comp. Laws 1929, § 8456 [Stat. Ann. § 17.191]). Plaintiff further claims that the preparation, presentation to plaintiff for signature and forwarding of such agreement was required of defendants befor the 14th day after the accident. In substance plaintiff claims that the forwarding of such agreement would amount to a report of the making of the agreement, and plaintiff further claims that failure to prepare, present for signature and forward such agreement was a violation of the provision in the last paragraph of subsection (e) of said section 17 of part 3 of the workmen's compensation act, and in consequence defendants have not the right to raise the defense of the statute of limitations contained in section 15 of part 2 of the workmen's compensation act.

The department in making its award determined among other things as follows:

"Defendants failed to comply with the express statutory provision of the act when an agreement was not executed and submitted to the department for its approval. Such an agreement was required for the reason plaintiff had sustained a compensable injury. Defendants now seek to profit by their fail-

ure to fully comply with the express provisions of section 17 [2 Comp. Laws 1929, § 8456 (Stat. Ann. § 17.191)]. In other words, defendants seek to be relieved of liability by their failure to file an agreement for the payment of compensation but had they complied with the act, a petition for further compensation for the loss of an eye could have been filed at any time within the 500-week period. * * * The limitations in section 15 [2 Comp. Laws 1929, § 8431, as last amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8431, Stat. Ann. 1947 Cum. Supp. § 17.165)] are not available to the defendants by reason of their failure to fully comply with section 17."

The parties in their respective briefs treat section 17 (e) as though still in force, but that subdivision was repealed by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8456 [Stat. Ann. 1947 Cum. Supp. § 17.191]). The validity of plaintiff's claim against his employer is governed by the statute in effect when the injury (accident) occurred. The matter of making a defense (the failure to file required reports) such as was formerly provided by section 17 (e) of part 3 of the workmen's compensation act, is procedural.

When the injury occurred the right of plaintiff to recover because of it was governed by the statute as it existed at that time (July 17, 1940), but the procedural matter of asserting a defense against the statute of limitations as contained in the workmen's compensation act is governed by the statute in existence when the duty arose to make the claim.

The plaintiff suffered a single injury of which there were two results: First, the temporary incapacity which lasted about a month and secondly, the traumatic cataract which made itself apparent more than five years afterwards.

It is shown in this case that the cataract did not make itself apparent until the early part of the

year 1945. It was the duty of plaintiff to make his claim within three months after the loss of the eye, October 30, 1945. He did not make his claim until February 22, 1946. Plaintiff's failure to file his claim within three months after the loss of his eye became apparent to him, bars his recovery. We must assume under the finding by the department and the undisputed facts in this case that the loss of his eye became apparent to plaintiff on October 30, 1945. The employer made a report of the accident seasonably and is therefore at liberty to avail itself of the statute of limitations contained in 2 Comp. Laws 1929, § 8431, as last amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8431, Stat. Ann. 1947 Cum. Supp. § 17.165), above quoted.

The award of the department should be reversed. Costs to defendants.

North, Dethmers, and Carr, JJ., concurred with Reid, J.

Butzel, J. (*for affirmance*). I cannot concur in the foregoing opinion. The date of the accidental injury suffered by plaintiff was July 17, 1940. Nine days later, the defendants submitted a report of the injury to the department of labor and industry, which report contained the following statement:

"This man is receiving weekly pay check so he should not receive compensation."

The record shows that plaintiff suffered an im mediate disability from the injury, and was totally disabled for a period of approximately four weeks and partially disabled for an additional week. Un der such circumstances, the two-year statute of limitations contained in part 2, § 15, of the act has

no application, and the only part of this section which does have application is the following:

"No proceedings for compensation for an injury under this act shall be maintained, * * * unless the claim for compensation with respect to such injury * * * shall have been made within 6 months after the occurrence of the same."

If plaintiff had promptly made claim for compensation for the period during which he was first disabled from the injury, as required by the above quoted provision, there is no question but that his present petition for further compensation because of recurrence of disability could be maintained. *Palchak* v. *Murray Corporation of America*, 318 Mich. 482; *Chelli* v. *American Boston Mining Co.*, 288 Mich. 441; *Rowe* v. *Consumers Power Co.*, 268 Mich. 162. However, plaintiff did not make or file a claim for compensation within six months after the occurrence of the injury, and, unless the defendants have waived the benefit of this provision, his claim would be barred.

In *Curtis* v. *Slater Construction Co.*, 194 Mich. 259, it was said:

"We think it clear that where an injured employee and his employer enter into an agreement with reference to compensation under the terms of the act, and file the same with the industrial accident board,* such action constitutes a waiver on the part of the employer of the statutory requirement that the employee shall file his claim within six months from the date of injury."

---

* The powers and duties of the industrial accident board were transferred to and vested in the compensation commissioners of the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312, as amended by Act No. 241, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 8312, Stat. Ann. 1946 Cum. Supp. § 17.3). For present administrative body, see Act No. 357, Pub. Acts 1947 (Stat. Ann. 1947 Cum. Supp. § 17.6[1]).—REPORTER.

The requirement as to filing of claim may also be waived by the employer where, in recognition of its liability under the act, it voluntarily pays the employee's wages while he is disabled. In *Maki* v. *School District of Wakefield Township*, 235 Mich. 689, plaintiff was paid half wages during the first six months of his disability. We said:

"Counsel, in oral argument and briefs, have spent much time discussing the question as to whether any official or member of defendant's board had notice of the accident and received claim for compensation. We think this is a useless argument, because it is conceded in the record that the school officials recognized its liability and agreed with plaintiff for compensation and voluntarily paid it regularly for six months. This action upon the part of the school officials eliminates the question of notice of injury, notice of claim, and was a distinct recognition of its liability."

While the word "compensation" was used in this opinion the record shows that at the time the compensation paid was not "workmen's compensation" under the act, but rather was half of the employee's regular wages for six months. No agreement was entered into under the act for the payment of these wages as workmen's compensation; they were paid voluntarily by the employer in recognition of its liability.

We have practically the same situation here, *i.e.*, plaintiff was paid his regular wages during his period of disability in lieu of workmen's compensation. I believe that the only proper construction that may be put upon the action of the employer in paying the plaintiff his regular wages and in reporting the fact of its doing so to the department of labor and industry with the observation that plaintiff "should not receive compensation" is that the employer recognized its liability and waived the re-

quirement that claim be made. The fact that defendants paid the expense of plaintiffs' hospitalization and treatment is further evidence of defendants' recognition of liability.

The defendants had a duty under part 3, § 17 (c), of the act (2 Comp. Laws 1929, § 8456 [Stat. Ann. § 17.191]) to "prepare and sign an agreement to pay compensation to said employee under the terms of this act, and present said agreement to the injured employee for his signature, and * * * forward said agreement so signed to the industrial accident board."* Had defendants complied with the terms of this provision, there would be no question as to whether or not the plaintiff's present petition was brought in time. In failing to do so, and in leading plaintiff to believe that they recognized their liability in the premises, they have precluded themselves from now asserting that the plaintiff's claim was not filed in time.

The compensation commission held that plaintiff was entitled to compensation of $21 per week from October 30, 1945, until the further order of the commission, but not to exceed 150 weeks from that date for the loss of vision of his left eye.

The award is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, J., concurred with BUTZEL, J.

BOYLES, J., concurred in the result.

---

* See footnote, *ante,* 438.